UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER PARNELL, ANTONIO WYNN ORLANDO DOMINGUEZ and WILLIAM HO individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

KROLL ASSOCIATES, INC. and KROLL ONTRACK, INC.,

Defendants.

Civil Action No.

**JUDGE BUCHWALD**
**11 CIV 0473**

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

RECEIVED
JAN 21 2011
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiffs Jennifer Parnell, Antonio Wynn and Orlando Dominguez ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, The Ottinger Firm, P.C., allege, upon personal knowledge and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.  This is a collective class brought by Individual and Representative Plaintiffs Jennifer Parnell, Antonio Wynn, Orlando Dominguez and William Ho (collectively "Plaintiffs"), on their own behalf and on behalf of the proposed class identified below. Plaintiffs and the putative class members were or are employed by Defendants Kroll Associates, Inc. and Kroll Ontrack, Inc. (together, "Kroll" or "Defendants") and were denied overtime compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

1

2. The Collective Class is made of all persons who are or have been employed by Defendants at any time within the United States within three years prior to this action's filing date through the date of the final disposition of this action (the "Collective Class Period") and who were subject to Defendants' unlawful practice of failing to pay overtime premiums for all hours worked over 40 in a given workweek.

3. During the Collective Class Period, Defendants unlawfully failed to pay overtime premiums for all hours worked over 40 in a given week. Plaintiffs seek relief for the Collective Class under the Fair Labor Standards Act ("FLSA") to remedy Defendants' failure to pay all wages due, in addition to injunctive relief. Defendants deprived Plaintiffs of overtime premiums required under the FLSA by a common policy or plan, namely, by misclassifying Plaintiffs as exempt from the FLSA and failing to compensate for hours worked on the "on call" help desk support as required by the FLSA.

## PARTIES

4. Individual and representative Plaintiff Jennifer Parnell resides in Brooklyn, New York. She was employed by Defendants in their Manhattan offices as a Systems Engineer between May 2009 and December 2010.

5. Individual and representative Plaintiff Antonio Wynn resides in Piscataway, New Jersey. He has been employed by Defendants in their Manhattan offices as a Systems Engineer from June 2008 through the present.

6. Individual and representative Plaintiff Orlando Dominguez resides in Brooklyn, New York. He has been employed by Defendants in their Manhattan offices as a Systems Engineer from July 2006 through the present.

7.  Individual and representative Plaintiff William Ho resides in Brooklyn, New York. He has been employed by Defendants in their Manhattan offices as a Systems Engineer from November 2008 through the present

8.  Defendant Kroll Associates is a Delaware Corporation with its corporate headquarters located 1166 Avenue of the Americas, New York, New York, 10036. According to Defendants' website, it is the "world's leading risk consulting company helping companies, government agencies and individuals reduce their exposure to risk and capitalize on business opportunities."

9.  Defendant Kroll Ontrack is a wholly owned subsidiary of Defendant Kroll Associates with an address located in this district at 1166 Avenue of the Americas, New York, New York, 10036.

10. Defendant Kroll Ontrack provides software and consulting assistance to clients including, but not limited to, information management, data recovery, paper and electronic discovery, computer forensics, ESI consulting, jury consulting and trial presentation services.

11. At all relevant times, Defendants Kroll Associates and Kroll Ontrack were operated as a single, integrated enterprise, or single employer, or as joint employers, and maintained centralized control over the interrelated operations of Kroll Ontrack. They shared common management, ownership and financial control.

12. Defendants Kroll Associates and Kroll Ontrack are joint employers as that term is defined by the FLSA since employment by one employer is not completely dissociated from employment of another.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

14. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 207 *et seq*.

15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16. Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiffs' claims occurred in this District.

17. Upon information and belief, Defendants are subject to personal jurisdiction in New York.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings FSLA claims on behalf of themselves and other employees similarly situated as authorized under 29 U.S.C. § 216(b). The employees similarly situated are:

> **Collective Class:** All persons in the United States who are or have been employed by Defendants as Systems Engineers at any point during the Collective Class Period, who were misclassified as exempt from the FLSA, deprived of overtime compensation and who were subject to Defendants "ACD Phone Support" protocol and compensation policy.

19. Defendants employed Plaintiffs during the Collective Class Period.

20. On information and belief, Defendants have employed more than 25 other Systems Engineers.

21. All Systems Engineers are entitled to overtime pay but Defendants classify them as exempt from the FLSA and fail to pay them overtime wages.

22. Defendants' Systems Engineers provide technical support to Defendants' clients. Among other things, Systems Engineers work directly with Defendants' customers, primarily law firms and corporate legal departments, to provide support and training for Defendants' own E-discovery software. Internally, System Engineers work closely under the supervision of Team Managers and Managers to monitor and support the applications.

23. At all times during the Collective Class Period, Defendants authorized a misclassification of all of its Systems Engineers, including Plaintiffs, as FLSA exempt and have, as a matter of policy, not paid them overtime premiums for hours worked in excess of 40 hours in a work week.

24. Plaintiffs are billable employees whose consulting services generate revenue for the company through their production efforts. As such, Plaintiffs' duties are production-related and are unrelated to Defendants' general business operations.

25. Plaintiffs' work does not require knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

26. Plaintiffs' work requires the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources and does not involve the exercise of discretion and independent judgment.

27. All Systems Engineers were also subject to Defendants' unlawful "on call" policy which did not compensate Plaintiffs for compensable on call time.

28. According to this policy, Plaintiffs were required to rotate on-call responsibilities on a weekly basis.

29. Plaintiffs were required to provide rapid response troubleshooting advice to Defendant' customers. As such, they were required to respond to customer inquiries within 15 minutes, which included returning telephone calls and accessing Defendants' network in order to utilize files and applications necessary for troubleshooting.

30. As such, Plaintiffs were unable to leave their house during weekend on call rotations, which lasted from late Friday afternoon to Monday morning. During the week (that lasted from Monday morning through late Friday afternoon) rotation Plaintiffs were expected in the office. Additionally Plaintiffs were expected to not miss calls during their commute.

31. Plaintiffs were compensated one hour of "on call pay" for all on call hours. Specifically, from May 2009 through early 2010 Plaintiffs were compensated at a rate of $15 per day. Starting in early 2010 the rate increased to $30 per day. Through the middle of 2010 the "on call" pay was incorporated into regular paychecks. After this time, it was then distributed on a quarterly basis and taxed at the gift tax rate.

32. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

33. In fact, Defendants previously compensated all Systems Engineers as if they were nonexempt, providing "time and a half" overtime premiums for all hours worked beyond forty through May 2009. System Engineers, after May 2009, were compensated at their regular rate for hours worked after fifty-five. In the Spring of 2010 System Engineers ceased to be compensated for any hours worked after forty.

34.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned policy in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to the Defendants and are readily identifiable through Defendants' records.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)

35.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

36.     Plaintiffs consent in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b). Plaintiffs' written consent form is attached hereto.

37.     At all relevant times, Defendants have been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs and the Collective Class members. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

38.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

39.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours

7

per workweek without overtime compensation. Despite the hours worked by Plaintiffs and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the Federal Fair labor Standards Act, failed and refused to pay them overtime compensation.

40. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 20 U.S.C. § 201, *et seq.*

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

42. Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Proposed Class, pray for relief as follows:

A. That the Court determine that this action may proceed as a collective action under FLSA, 29 U.S.C. § 216(b);

B. That Defendants are found to have violated the Federal Fair Labor Standards Act as to Plaintiff and the Class;

C. That Defendants' violations as described above are found to be willful;

D. An award to Plaintiffs and the Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

E.  That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA;

F.  An award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable law; and

G.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

DATED: January 21, 2011

The Ottinger Firm, P.C.

*/s/ Christopher Davis*

Robert W. Ottinger (RO-8879)
Christopher Q. Davis (CD-7282)
The Ottinger Firm, P.C.
19 Fulton Street, Suite 408
New York, New York 10038
Telephone: (212) 571-2000

Attorneys for Plaintiff and the Proposed Class